Filed 3/4/24  P. v. Haynes CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CARMELO HAYNES,<br><br>    Defendant and Appellant. | D081708<br><br><br><br>(Super. Ct. No. SCD183548) |

APPEAL from an order of the Superior Court of San Diego County, Howard H. Shore, Judge.  Affirmed.

John Derrick, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, A. Natasha Cortina, Felicity Senoski, and Lynne G. McGinnis, Deputy Attorneys General, for Plaintiff and Respondent.

Carmelo Haynes appeals from an order summarily denying his petition for resentencing under Penal Code[1] section 1172.6, in which he sought relief from a 2005 conviction for attempted murder based on his guilty plea (§§ 664, 187, subd. (a)).  We conclude the record of conviction conclusively refutes Haynes's eligibility for relief at the prima stage, and we affirm the trial court's order.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2004, Haynes was charged as the sole defendant with two counts: (1) premeditated attempted murder of K.H. (§§ 664; 187, subd. (a); 189); and (2) assault upon K.H. with a firearm (§ 245, subd. (a)(2)).

The victim (K.H.) testified at the July 1, 2004 preliminary hearing, and we briefly summarize his testimony.  On June 15, 2004 at approximately 10:30 p.m., Haynes and two other individuals entered K.H.'s trailer and demanded he give them a ride.  K.H. refused, and seconds after they left, Haynes returned and again demanded a ride.  K.H. again refused, and Haynes shot him.  K.H. saw Haynes's face when he was pointing the gun at him and also recognized Haynes's voice.

In April of 2005, in exchange for a stipulated sentence of 22 years, Haynes pled guilty to attempted murder of K.H. without premeditation (§§ 664, 187, subd. (a)) and admitted two enhancement allegations: (1) personal infliction of great bodily injury (§ 12022.7, subd. (a)); and (2) personal use of a firearm (§ 12022.53, subd. (b)).  His initialed and executed a plea form also included a "[s]tipulation to the preliminary examination transcript as a factual basis" for the plea.  The minutes of the

---

[1]     Unless otherwise indicated, all further statutory references are to the Penal Code.

change of plea reflect that Haynes was sworn and examined, but the transcript of the plea colloquy no longer exists.[2]

In September 2022, Haynes filed a facially valid petition for resentencing using a preprinted form citing section 1170.95 (now § 1172.6)[3] seeking the appointment of counsel and asserting that: (1) a complaint, information, or indictment was filed against him that allowed the prosecution to proceed under a theory of attempted murder under the natural and probable consequences doctrine; (2) he accepted a plea offer in lieu of trial at which he could have been convicted of attempted murder pursuant to that doctrine; and (3) he could not presently be convicted of attempted murder because of changes made to sections 188 and 189, effective January 1, 2019. He also attached the sentencing minutes and the probation department's stipulated sentence report reflecting the change of terms as stated on his executed plea form.

The People filed an initial response in which they argued that Haynes was ineligible for relief because he admitted to personally using a firearm and was therefore the actual perpetrator. Haynes replied through appointed counsel that his facially valid petition was sufficient to establish a prima facie case and asked the trial court to issue an order to show cause. He contends the trial court engaged in impermissible fact-finding when it denied

---

[2] The court reporter's March 23, 2023 affidavit states the stenographic notes had been destroyed in accordance with Government Code section 69955, subdivision (e).

[3] Effective June 30, 2022, section 1170.95 was recodified without substantive change in section 1172.6, pursuant to Assembly Bill No. 200 (2021–2022 Reg. Sess.) (Assembly Bill No. 200). (See Stats. 2022, ch. 58, § 10.) We refer to the current codification throughout this opinion.

his motion at the prima facie stage following its review of the preliminary hearing transcript and seeks a "bright line" rule that preliminary hearing transcripts may not be relied upon in the prima facie determination.

On January 25, 2023, the matter proceeded to a hearing to determine whether the petitioner had established a prima facie case for relief. (§ 1176.2, subd. (c).) Although the parties did not rely on the preliminary hearing transcript in their written or oral arguments, the court noted the plea form included a stipulation to the preliminary transcript as a factual basis and accessed the transcript during the hearing.[4]

After taking the matter under submission to review the preliminary hearing transcript, the court issued an order denying the petition and providing the following reasoning: ". . . [H]ere, the change of plea reflects that Petitioner pled guilty to attempted murder and admitted he personally used a firearm. The plea form includes a stipulation to the preliminary hearing transcript as the factual basis for the plea. This court has reviewed that transcript. The evidence adduced at the preliminary hearing establishes that the petitioner was the sole perpetrator and shooter. Therefore, without reweighing any evidence, the record reflects that Petitioner has failed to make a *prima facie* showing for such relief because, as the direct perpetrator he is ineligible for resentencing as a matter of law."

Haynes timely appealed.

---

[4]    We granted Haynes's motion to augment the record to include the July 1, 2004 preliminary hearing transcript.

4

II.

DISCUSSION

A.    *Applicable Legal Standards*

Effective January 1, 2019, the Legislature enacted Senate Bill No. 1437 (2017–2018 Reg. Sess.), which limited accomplice liability under the felony-murder rule, eliminated the natural and probable consequences doctrine as it relates to murder, and eliminated convictions for murder based on imputing malice predicated solely on a person's participation in a crime.  (See *People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).)  As amended by Senate Bill No. 775 (2021–2022 Reg. Sess.), effective January 1, 2022, the ameliorative changes to the law were made expressly applicable to attempted murder and voluntary manslaughter.  (See *People v. Birdsall* (2022) 77 Cal.App.5th 859, 865 & fn. 18.)  The statute specifies that the only theory of attempted murder for which a person may seek relief is "attempted murder under the natural and probable consequences doctrine."  (*Ibid.*; see *People v. Coley* (2022) 77 Cal.App.5th 539, 548 (*Coley*).)[5]

Under section 1172.6, a person serving a sentence for murder, attempted murder or manslaughter under theories that have since been eliminated or narrowed may file a petition to have the conviction vacated and to be resentenced.  (§ 1172.6, subd. (a).)  A person may file a petition for resentencing relief "when *all* of the following conditions apply:

---

[5]    Section 1172.6 allows a petition for resentencing to be filed only by the following categories of persons:  "A person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, *attempted murder under the natural and probable consequences doctrine*, or manslaughter."  (§ 1172.6, subd. (a), italics added.)

(1)  A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine.

(2)  The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder.

(3)  The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019."  (§ 1172.6, subd. (a).)

Under the statutory mechanism established by the Legislature, after appointing counsel if a petitioner makes such a request (§ 1172.6, subd. (b)(3)), the first step for a trial court in evaluating the petition is to determine whether the petitioner has made a prima facie case for relief, and if so, to issue an order to show cause.  (§ 1172.6, subd. (c).)  "The parties can, and should, use the record of conviction to aid the trial court in reliably assessing whether a petitioner has made a prima facie case for relief."  (*Lewis, supra,* 11 Cal.5th at p. 972.)  "While the trial court may look at the record of conviction after the appointment of counsel to determine whether a petitioner has made a prima facie case . . . , the prima facie inquiry . . . is limited.  Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. . . .  'However, if the record, including

6

the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Id.* at p. 971, citations omitted.)

The court may appropriately deny a petition at the prima facie stage if the petitioner is ineligible for relief *as a matter of law*. (See *People v. Curiel* (2023) 15 Cal.5th 433, 450 [the court may dismiss the petition at the prima facie stage, " '[i]f the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition' "].) If, on the other hand, petitioner has made a "prima facie showing of entitlement to relief" (*ibid.*), "the court shall issue an order to show cause." (§ 11726, subd. (c).)

We independently review the trial court's decision to deny a section 1172.6 petition for resentencing at the prima facie stage. (*People v. Harden* (2022) 81 Cal.App.5th 45, 52.)

B.    *The Record of Conviction Conclusively Establishes Haynes Was Ineligible for Relief as the Sole Perpetrator of the Attempted Murder*

To satisfy the first statutory condition for eligibility for resentencing relief, the information filed against Haynes must have allowed the prosecution to proceed on the attempted murder charge "under the natural and probable consequences doctrine." (§ 1172.6, subd. (a)(1).) Haynes cannot meet this initial eligibility requirement.

Under the natural and probable consequences doctrine "an *accomplice* is guilty not only of the offense he or she directly aided or abetted (i.e., the target offense), but also of any other offense committed by the direct perpetrator that was the 'natural and probable consequence' of the crime the accomplice aided and abetted (i.e., the nontarget offense)." (*People v. Gentile* (2020) 10 Cal.5th 830, 843, italics added (*Gentile*).) "Unlike direct aiding and abetting liability, culpability under the natural and probable consequences

7

theory does not require an accomplice to share the direct perpetrator's intent. Instead, '[a]ider and abettor culpability under the natural and probable consequences doctrine is vicarious in nature' and ' "is not premised upon the intention of the aider and abettor to commit the nontarget offense because the nontarget offense' " may not be intended at all. [Citation.]" (*Id.* at p. 844.)

Haynes was charged and pled guilty as the direct perpetrator, not as an accomplice or indirect aider and abettor. The single-defendant information in this case does not identify or charge any codefendants and unequivocally alleges that Haynes unlawfully attempted to murder K.H. (§§ 664, 187, subd. (a)), and among other things, that Haynes "personally inflicted great bodily injury upon [K.H.], not an accomplice to the above offense, within the meaning of . . . Section 12022.7[, subd.](a)" and that "in the commission" of the attempted murder, Haynes "personally used a firearm . . . within the meaning of . . . section 12022.53(b)." In his executed and initialed plea form, Haynes pled guilty to attempted murder (§§ 664, 187, subd. (a)) *and admitted* the allegations that he personally used a firearm (§ 12022.53, subd. (b)) and personally inflicted great bodily injury (§ 12022.7, subd. (a)) "in the commission" of the attempted murder of K.H.

We distinguish this case from cases like *People v. Eynon* (2021) 68 Cal.App.5th 967 (*Enyon*) and *People v. Rivera* (2021) 62 Cal.App.5th 217 (*Rivera*), in which the trial court erred in summarily denying the petition for resentencing because "the generic murder charge" allowed the prosecution to proceed on any theory of liability, including natural and probable consequences. (See *Enyon*, at p. 978; *Rivera*, at p. 233.) Those cases involved multiple defendants and charges that permitted the People to proceed on a

8

natural and probable consequences theory against the petitioning defendants, who were *not* alleged to be the actual killers.

In *Enyon*, "[t]he information alleged generically that Eynon and his codefendant 'did willfully, unlawfully, and with deliberation, premeditation, and malice aforethought murder [the victim].' Eynon was not alleged to be the actual killer, and the generic murder charge allowed the prosecution to proceed on any theory of liability, including natural and probable consequences or felony murder." (*Enyon*, *supra*, 68 Cal.App.5th at p. 977.) Similarly in *Rivera*, "[t]he operative indictment's only count alleged that Coneal and Rivera 'did willfully, unlawfully, and with malice aforethought murder [the victim] . . . in violation of . . . section 187[, subd.] (a), a felony,' with accompanying gang and lying-in-wait special circumstances as to both defendants. The indictment also alleged other gang-related enhancements as to both defendants, one that the offense was committed to benefit a gang and the other that a principal personally and intentionally discharged a firearm causing death during such an offense. Only Coneal, however, was alleged to have personally and intentionally discharged a firearm causing death." (*Rivera*, *supra*, 62 Cal.App.5th at pp. 224–225.)

Had the information in this case charged multiple defendants, the prosecution could have conceivably proceeded on an attempted murder charge against Haynes under the natural and probable consequences doctrine (§ 1172.6, subd. (a)(1)), but that is not the record we have before us. As the Supreme Court acknowledged, when two or more persons commit a crime, "the dividing line between the actual perpetrator and the aider and abettor is often blurred . . . . [B]oth may act in part as the actual perpetrator and in part as the aider and abettor of the other, who also acts in part as an actual perpetrator." (*People v. McCoy* (2001) 25 Cal.4th 1111, 1120.) Although a

9

petitioner's personal use of a firearm or personal infliction of great bodily injury in a multiple-defendant case does not necessarily prove that he was the actual shooter (see *People v. Cooper* (2020) 54 Cal.App.5th 106, 125), the facts of a particular case may support only that conclusion. As explained by our Supreme Court in *People v. Jones* (2003) 30 Cal.4th 1084, when the record shows only one person displayed and used a gun and "[a]ll evidence points to defendant, not the second robber, as the one with the gun," the true finding on a personal use enhancement demonstrates that the defendant was the actual killer." (*Id*. at p. 1120; see also *People v. Young* (2005) 34 Cal.4th 1149, 1205 [no evidence of anyone else using a gun supported the conclusion that the jury necessarily found defendant to be the actual killer].)

Here, Haynes was charged in a single-defendant complaint as the direct perpetrator, who personally used a firearm and personally inflicting great bodily injury on K.H. while attempting to murder him. The record therefore refutes his form petition's declaration to the contrary that "[an] . . . information . . . was filed against [him] that allowed the prosecution to proceed under a theory of . . . attempted murder under the natural and probable consequences doctrine." (§ 1172.6, subd. (a).)

Haynes similarly fails to satisfy the third statutory condition for eligibility—that he "could not presently be convicted of murder or attempted murder *because of changes* to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a)(3), italics added.) The changes to the law permit an accomplice convicted of attempted murder to seek resentencing relief under section 1172.6, but a direct perpetrator of an attempted murder cannot establish that he was convicted under a now-abrogated accomplice theory of liability. (*Ibid*.; see *People v. Mares* (Feb. 23, 2024, E080611) ___ Cal.App.5th ___, ___[2024 Cal.App. Lexis 114, *32-33 (*Mares*).)

10

Haynes's admittedly hypothetical argument that unspecified additional evidence may be presented at an evidentiary hearing is purely speculative and ignores the record of conviction in this case.  Even if Haynes wished to claim he was misidentified and another person committed the crime, such a defense "was available to him at the time of his plea," and "[n]ew evidence of misidentification could support a petition for a writ of habeas corpus, but it would not show that he cannot be convicted '*because of*' the changes to the law, as required by section 1172.6."  (*Mares, supra,* ___ Cal.App.5th ___, *16.)

We need not address the split of authority on "the import of the preliminary hearing transcript in determining whether a petitioner has made a prima facie case for resentencing" in this case.  (See *People v. Flores* (2022) 76 Cal.App.5th 974, 989 (*Flores*).)  The California Supreme Court is poised to resolve that issue (see *People v. Patton* (2023) 89 Cal.App.5th 649, review granted June 28, 2023, S279670 [whether a trial court impermissibly engages in factfinding by relying on the preliminary transcript to summarily deny a section 1172.6]), and we decline Haynes's invitation to establish a "bright-line rule" in this case.

Moreover, even if, arguendo, the trial court's reliance on "the evidence adduced at the preliminary hearing" as the basis for its conclusion that "petitioner was the sole perpetrator and shooter" could be considered impermissible judicial fact-finding (see *People v. Drayton* (2020) 47 Cal.App.5th 965, 982 (*Drayton*); *Lewis, supra,* 11 Cal.5th at p. 974), any such error would be harmless in light of Haynes's ineligibility for resentencing relief given the record of conviction.  (See *People v. Watson* (1956) 46 Cal.2d 818, 836 (*Watson*) [state law harmless error standard; i.e., whether it is reasonably probable that a result more favorable to defendant would have been reached in the absence of the error]; see also *Lewis, supra,*

11

11 Cal.5th at pp. 972–974 [applying *Watson* standard to prima facie stage of section 1172.6 petitions].)

As the record in this case conclusively establishes that Haynes is not eligible for resentencing relief under section 1172.6 as a matter of law, we affirm the trial court's order.

III.

DISPOSITION

The order denying Haynes's petition for resentencing is affirmed.

IRION, J.

WE CONCUR:


O'ROURKE, Acting P. J.


KELETY, J.

12